■ MORRIS CRAMER, on Behalf of Himself and All Other Stockholders of TYLAN LTD. CORPORATION, Respondent, v. PHILIP STARK et al., Appellants.— Appeal from an order of the Supreme Court at Special Term, entered in Albany County on March 22, 1974, which granted plaintiff's motion to open a default and restore the action to the Day Calendar. This action, allegedly for conversion of corporate funds, was commenced on June 15, 1970. It was noted for trial and appeared on the Day Calendar of the Trial Term of Supreme Court, Albany County, on April 3, 1972. On that day it was placed on the Deferred Calendar for failure to answer the calendar call which eventually resulted in automatic dismissal pursuant to CPLR 3403. In the meantime, an order to show cause returnable on January 27, 1972 to consolidate the action with two other actions and to change the venue was decided ultimately on August 9, 1972. By an order entered thereon, the cases were consolidated and venue moved to Schenectady County. Notice of appeal was thereafter filed by plaintiff and this court, on February 13, 1973, reversed that order, returning venue to Albany County and severing the actions. On July 19, 1973 defendants filed a notice of appeal in the Court of Appeals, and that court ultimately dismissed the appeal on February 14, 1974. Plaintiff then moved to open the default and restore the action to the calendar for trial and Special Term ordered the case restored. This appeal ensued. In our opinion, plaintiff has demonstrated a reasonable and justifiable excuse for his failure to move for a transfer from the Deferred Calendar within one year prescribed by rule 2.17 (22 NYCRR 861.17), since the place of trial had not been finally determined until February 14, 1974. (See *Chuttick v. Collins,* 24 A D 2d 540.) Moreover, it would appear that defendants who instituted an appeal in the litigation after the automatic dismissal waived whatever benefits they might otherwise have claimed. (*Marco v. Sachs,* 10 N Y 2d 542, 550.) Although the required affidavit of merits submitted leaves much to be desired, we cannot say it was an abuse of discretion for Special Term to have granted the relief sought. Order affirmed, with costs. Herlihy, P. J., Staley, Jr., Sweeney, Kane and Main, JJ., concur.